IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENJAMIN FORD, | ) | No. C 09-4921 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| CONTRA COSTA COUNTY PUBLIC DEFENDER'S OFFICE, MIKE KELLY, TERRY KOCHLER, | ) | (Docket No. 7) |
| Defendants. | ) | |

Plaintiff, incarcerated at the West County Detention Center in Richmond, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the public defender and the office of the public defender representing him on his criminal prosecution. He has also filed a motion to proceed *in forma pauperis*, which is now GRANTED in a separate order filed simultaneously (docket no. 7).

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se

pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim</u>

In this case, Plaintiff has sued his public defender and his office with regard to their role in representing him during his criminal prosecution for a crime with which he has been charged. Plaintiff complains that the public defender's office is not doing an adequate job representing him, by looking for witnesses or possible defenses.

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 129 S. Ct. 1283, 1291-92 (2009). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under *Polk County. Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir.) (en banc), *cert. denied, Clark County, Nev. v. Miranda*, 540 U.S. 814 (2003). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Therefore, Plaintiff's claims against his public defender and the Contra Costa County Public Defender's Office are DISMISSED without prejudice to his bringing his claims in a proper forum.

2

**CONCLUSION**

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: November 2, 2009

  _____
JEFFREY S. WHITE
United States District Judge

3